UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Ellsworth D. Patterson, Jr. and Karen Patterson, individually & as h/w,<br><br>  Plaintiffs,<br><br>vs.<br><br>Glory Foods, Inc.; McCall Farms, Inc.; and John Does 1-10,<br><br>  Defendants. | Civil Action<br><br>Docket No.: 3:10-cv-06831-FLW-TJB |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT**

**FOX ROTHSCHILD LLP**
By: Francis V. Cook, Esquire
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
(609) 896-3600
Attorneys for Defendants
Glory Foods, Inc., and McCall Farms, Inc.

LV1 1325417v1 02/10/11

## PRELIMINARY STATEMENT

Plaintiff Ellsworth D. Patterson, Jr., ("Plaintiff") claims that defendants Glory Foods, Inc. ("Glory Foods"), and McCall Farms, Inc., ("McCall") (collectively, the "Defendants"), unlawfully terminated his employment because he allegedly raised the issue of an internal "kickback" scheme with the president of Glory Foods. Plaintiff alleges that Defendants' actions violated New Jersey's Conscientious Employee Protection Act ("CEPA") (Count Two), and were contrary to public policy (Count One). As set forth more fully herein, by electing to pursue a CEPA cause of action based on his alleged whistle-blowing, Plaintiff has waived his right to pursue a common law wrongful discharge claim based upon the same factual circumstances. Accordingly, Count One of the Complaint must be dismissed.

In addition, Karen Patterson's loss of consortium claim in Count Three of the Complaint must be dismissed as *per quod* damages are not available in retaliation causes of action arising out a spouse's employment relationship.

## STATEMENT OF FACTS[1]

Plaintiff alleges that he worked for Glory Foods, a subsidiary of McCall, as a Northeast Area Sales Manager from October 2008 until March 2010. (See Plaintiff's Complaint at ¶¶ 9, 10, 13, 32, attached hereto as Exhibit A). Plaintiff alleges that at some point during his employment he discovered a purported "$200,000 operating loss/overpayment" accounting mistake on the account of one of Glory Foods' clients. Id. at ¶¶ 14, 15. The alleged accounting mistake occurred prior to Plaintiff's employment with Glory Foods. Id. at ¶ 16. According to Plaintiff, the client agreed to pay back the "$200,000 [owed to Glory Foods] utilizing free ads, waiving new items fees and establishing an accrual program." Id. at ¶¶ 10,11. Plaintiff claims

---

[1] The Statement of Facts set forth herein are the facts as alleged in the Complaint and are accepted only for the purposes of this motion. Defendants reserve all rights to refute these allegations.

that at some point prior to his employment, Lisa Cliff, Glory Foods' Vice President of Sales, stopped the pay back program, which had increased Glory Foods' sales, with no explanation. Id. at ¶ 20, 21.

Plaintiff alleges that the "only explanation" for Glory Foods' refusal to continue the purported pay back program is that "someone in the upper management team of Glory Foods had accepted a bribe or kickback from [the client] not to raise the issue." Id. at ¶ 25. Plaintiff claims that he notified Jacqueline Neal, Glory Foods' President, of the alleged kickbacks via email on February 25, 2010. Id. at ¶ 26.[2] Plaintiff alleges that shortly thereafter co-worker Dino Allen told him to "cease any communications with anyone at the company concerning the accounting discrepancy." Id. at ¶ 30.

On March 12, 2010, Neal terminated Plaintiff's employment during a conference call. Id. at ¶¶ 32, 33. Neal told Plaintiff his position was being eliminated due to Glory Foods' merger with McCall; Neal also mentioned that his termination was due, in part, to Plaintiff's personality conflicts with Cliff. Id. at ¶¶ 33, 36. Plaintiff claims that during the call, he advised Neal that he needed to speak with her about "unethical or illegal activities" at Glory Foods, including the purported kickbacks. Id. at ¶ 38. Neal allegedly ignored his statement. Id.

Based on these facts, Plaintiff alleges that Defendants violated CEPA and acted contrary to public policy. Id. at ¶¶ 47, 50, 55. Additionally, based on these same facts, Plaintiff's wife, Karen Patterson alleges she has lost the "companionship, consortium, society and services of her husband." Id. at ¶ 58.

---

[2] Specifically, Plaintiff wrote: "We were running different programs in FY 09 versus FY 10 that affected the current IRI number negatively." Id. at Exhibit A.

**LEGAL ARGUMENT**

Rule 12(b)(6) is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the Plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Authority v. Arcadian Corp., 189 F.3d 305, 312 (3d Cir. 1999). Therefore, to survive a Rule 12(b)(6) motion to dismiss, a pleading must contain factual allegations sufficient to "raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Dismissal is warranted where "it is certain that no relief can be granted under any set of facts which could be proved." Klein v. General Nutrition Cos., Inc., 186 F.3d 338, 342 (3d Cir. 1999). For the reasons set forth herein, dismissal is the appropriate remedy for Plaintiff's common law wrongful discharge claim (Count One) and Karen Patterson's loss of consortium claim (Count Three).

**I.    COUNT ONE OF THE COMPLAINT MUST BE DISMISSED**

In Count One of the Complaint, Plaintiff asserts a claim for common law wrongful discharge, presumably pursuant to Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980), based on Defendants' termination of his employment in retaliation for raising "the issue of kickbacks." Ex. A at ¶¶ 47-50. This claim is barred by Plaintiff's concurrently filed CEPA claim based on the same set of facts. Id. at ¶¶ 51-56.

CEPA was enacted to provide a comprehensive remedy to employees who are retaliated against for "blowing the whistle" on illegal or unethical employer activity. N.J.S.A. 34:19-1, et seq.; Boyle v. Quest Diagnostics, Inc., 441 F. Supp. 2d 665, 669 (D.N.J. 2006). In furtherance of the comprehensive nature of the statute, CEPA contains a waiver provision to prevent "multiple or duplicative claims." Young v. Schering Corp., 141 N.J. 16, 29 (1995); N.J.S.A. 34:19-8 ("the institution of an action in accordance with this act shall be deemed a waiver of rights and

4

remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law"). Specifically, where a plaintiff asserts a non-CEPA claim based on the same factual circumstances as a simultaneously filed CEPA claim, the non-CEPA claim is waived. See e.g., Baldassare v. New Jersey, 250 F.3d 188, 202 (D.N.J. 2001) (affirming the dismissal of plaintiff's state law claims because they "arise from the same set of facts surrounding his [CEPA] retaliation claim, and CEPA prohibits litigating duplicative claims").

The "unambiguous language" of the CEPA waiver provision "indicates that by filing a claim under CEPA, a plaintiff waives his or her right to assert claims for the same conduct under … state common law." Palladino v. VNA of Southern New Jersey, Inc., 68 F. Supp. 2d 455, 470 (D.N.J. 1999); Catalane v. Gilian Instrument Corp., 271 N.J. Super 476, 492-93 (App. Div. 1994) ("defendant correctly asserts that plaintiff's public policy claim, alleging that he was dismissed in retaliation for his threats of 'whistleblowing,' was barred by his assertion of that claim under CEPA"); Flaherty v. Enclave, 255 N.J. Super. 407, 413-14 (Law Div. 1992) ("[h]aving chosen to proceed under CEPA when the complaint was filed," plaintiff's common law wrongful discharge "based on the employee's disclosure of wrongdoing" had to be dismissed).

According to the pleadings set forth in his Complaint, Plaintiff's common law wrongful discharge claim is based on the same set of facts as his CEPA claim (i.e., he raised the issue of kickbacks with Neal and his employment was later terminated). Count One of the Complaint is thus barred by CEPA's waiver provision and should be dismissed. See N.J.S.A. 34:19-8; Baldassare, 250 F.3d at 202; Flaherty, 255 N.J. Super. at 413-14.

## II.   COUNT THREE OF THE COMPLAINT MUST BE DISMISSED

In Count Three of the Complaint, Plaintiff Karen Patterson ("Patterson") alleges that she has "lost the companionship, consortium, society and services of her husband" as a result of Defendants' conduct. Ex. A at ¶ 58. Patterson's loss of consortium claim must be dismissed because *per quod* damages are not available in connection with retaliation claims arising out of a spouse's employment relationship.

"Damages for loss of consortium are derivative, and arise only where there is direct physical injury to the other spouse." Oliver v. Raymark Indus., Inc., 799 F.2d 95, 98 (3d Cir. 1986). A loss of consortium claim is not available where it is "founded solely on a spouse's economic loss," Cappiello v. Ragen Precision Indus., Inc., 192 N.J. Super. 523, 532 (App. Div. 1984); or based solely on an "employment relationship to which the [spouse] was not a party," Cluney v. Mon-Oc Fed. Credit Union, 2006 WL 2128985 at *17 (N.J. Super. App. Div. Aug. 1, 2006) (holding that "*per quod* claims are not permitted in employment cases"). In accordance with this line of reasoning, this Court has specifically held that loss of consortium claims are not available to the spouse of an employee who brings a CEPA cause of action against his former employer. Jones v. Jersey City Med. Ctr., 20 F. Supp. 2d 770, 773 (D.N.J. 1998); see also Flaherty, 255 N.J. Super. at 414 ("there are no remedies available to plaintiff's wife under CEPA").

Here, Plaintiff does not allege that he has suffered a physical injury. Rather, Plaintiff alleges that Defendants terminated his employment relationship in violation of CEPA and public policy. As her claim is based solely on an alleged CEPA violation and the retaliatory termination of an employment relationship to which she was not a party, Karen Patterson cannot sustain a viable loss of consortium claim. Accordingly, Count Three of the Complaint must be

dismissed.  See Cappiello, 192 N.J. Super. at 532; Jones, 20 F. Supp. 2d at 773; Flaherty, 255 N.J. Super. at 414.

## CONCLUSION

As the foregoing demonstrates, the allegations contained in Counts One and Three of the Complaint fail to state any cause of action entitling Plaintiff or Karen Patterson to relief. Accordingly, we respectfully request that such claims be dismissed with prejudice.

                                                                           Respectfully submitted,

Date: February 11, 2011                    /s/ Francis V. Cook
                                                                   FOX ROTHSCHILD LLP
                                                                   Francis V. Cook, Esquire
                                                                   Princeton Pike Corporate Center
                                                                   997 Lenox Drive, Building 3
                                                                   Lawrenceville, NJ 08648-2311
                                                                   (609) 896-3600
                                                                   Attorneys for Defendants
                                                                   Glory Foods, Inc., and McCall Farms, Inc.